UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRUSTEES OF THE UFCW LOCAL 152
HEALTH AND WELFARE FUND, *et al.*,

          Plaintiffs,

v.

LIBERTY FOOD STORE, INC.,

          Defendant.

Civil Action No. 19-17559 (MAS) (ZNQ)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiffs Trustees of the UFCW Local 152 Health and Welfare Fund; Trustees of the UFCW Local 152 Retail Meat Pension Fund; Trustees of the UFCW Union and Participating Food Industry Employers Health and Welfare Fund; and Trustees of the UFCW Union and Participating Food Industry Employers Tri-State Pension Fund's (collectively, "Plaintiffs") Motion for Default Judgment against Defendant Liberty Food Stores, Inc. ("Defendant"). (ECF No. 10.)

I. **BACKGROUND**

On or about January 21, 2011, Defendant filed for Chapter 11 bankruptcy protection. (Am. Compl. ¶ 23, ECF No. 5.)[1] As a result of Defendant's bankruptcy, Defendant entered into settlement agreements with each individual Plaintiff (collectively, the "Settlement Agreements") under which Defendant, in aggregate, "agreed to pay the total sum of $207,090.00 by way of an initial down-payment and thereafter ninety-five monthly installment payments to be paid pursuant to the payment schedule contained in each [Settlement] Agreement." (*Id.* ¶¶ 24–29; *see also* Settlement Agreement Documents, Exs. A–D to Am. Compl., ECF No. 5-1.) Defendant remitted

---

[1] *In re: Liberty Food Store, Inc.*, No. 11-11725 (Bankr. D.N.J.).

eighty-four of the ninety-five scheduled payments for a total of $185,877.68. (Am. Compl. ¶ 30.) Plaintiffs last received a payment on or about June 13, 2019. (*Id.*) Pursuant to the terms of the Settlement Agreements, Plaintiffs timely notified Defendant of its delinquency and informed Defendant had five days to cure the issue or Plaintiffs would declare them in breach of the Settlement Agreements. (*Id.* ¶ 32; *see also* Settlement Agreement Documents ¶ 5; Delinquency Correspondence, Ex. E to Am. Compl., ECF No. 5-1.) Defendant failed to cure its delinquency. (Am. Compl. ¶¶ 30–37.)

On September 24, 2019, Plaintiffs filed an Amended Complaint seeking (1) judgment against Defendant for breaching the Settlement Agreements; (2) an order requiring Defendant to remit $21,212.32 to Plaintiffs, which represents the outstanding balance owed; and (3) an order requiring Defendant to pay Plaintiffs' fees and costs. (*Id.* ¶ 38.) On October 11, 2019, counsel for Defendant sent Plaintiffs letter correspondence acknowledging its receipt of the Summons and Complaint. On October 21, 2019, Plaintiffs e-filed a copy of this acknowledgement on the Court's docket. (ECF No. 8.) On November 18, 2019, Plaintiffs requested the Clerk of the Court make an entry of default against Defendant. (ECF No. 9.) On November 19, 2019, the Clerk entered default against Defendant. On January 17, 2020, Plaintiffs filed the instant Motion. (ECF No. 10.)[2]

## II. DISCUSSION

As a threshold issue, it is unclear to the Court whether it has jurisdiction over this dispute. Although this matter ostensibly arises under federal law, namely the Employee Retirement Income Security Act of 1974 and the Labor Management Relations Act, each Settlement Agreement contains the following clause: "[t]he parties mutually agree that the United States Bankruptcy

---

[2] The Court notes that Plaintiffs did not file a corresponding brief with their Motion and instead filed a statement that no brief was necessary, in accordance with Local Civil Rule 7.1(d)(4). (ECF No. 10-2.)

Court, for the District of New Jersey, shall maintain jurisdiction in the event that any dispute arises related to th[e] Settlement Agreement[s] and the breach/enforcement thereof." (Settlement Agreement Documents *6, *13, *20, *27.)[3] Plaintiffs are seeking redress for Defendant's failure to remit all payments as required under the Settlement Agreements. The Court, therefore, finds good cause to deny Plaintiffs' Motion without prejudice and permit Plaintiffs to address this issue.

### III. ORDER

The Court has carefully considered Plaintiffs' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth above, and for good cause shown,

IT IS on this 5th day of August 2020, **ORDERED** that:

1. Plaintiffs' Motion for Default Judgment (ECF No. 10) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiffs shall show cause by **August 26, 2020** as to why this case should not be transferred to the United States Bankruptcy Court for the District of New Jersey, pursuant to the terms of the Settlement Agreements and pursuant to Standing Order 12-1, Reference to the Bankruptcy Court Under Title 11, which provides, *inter alia*, that any and all proceedings related to a case under Title 11 of the United States Code shall be referred to the bankruptcy judges for the District.

/s/ Mashipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court notes that although labeled as individual exhibits, all of the Settlement Agreements are included in a single ECF attachment. The Court, therefore, references the page number in the ECF header and denotes such reference with an asterisk.